**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GLORIA ROSEANNA JONES,**

    **Petitioner,**

                                **CIVIL ACTION NO. 3:05CV63**
**v.**                               **CRIMINAL ACTION NO. 3:03CR31**
                                **(Judge Broadwater)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 14, 2005, the *pro se* petitioner, an inmate at FCI-Alderson, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in which she alleges her sentence is unconstitutional in light of Blakely v. Washington, 524 U.S. 296 (2004).[1]

This matter is pending before me for initial review and report and recommendation pursuant

---

[1] Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."
    The Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. Thus, the petitioner's claim is now a Booker claim.

to the Order of Referral issued by the Honorable W. Craig Broadwater and entered on August 10, 2005.

## II. FACTS

### A. Conviction and Sentence

On August 21, 2003, the petitioner entered a plea in open court to maintaining a place for distributing a controlled substance. On November 18, 2003, the Court sentenced the petitioner to 70 months imprisonment. The judgment and commitment order was entered on November 25, 2003. The petitioner did not appeal her conviction and sentence.

### B. Federal Habeas Corpus

The petitioner asserts in her §2255 motion that she was denied her constitutional right to a trial by jury when the judge enhanced her sentence for drug relevant conduct which was not proven beyond a reasonable doubt.

The petitioner further asserts that her motion is timely because she had filed a §2241 petition in the United States District Court for the Southern District of West Virginia and was awaiting that decision.

As discussed below, the undersigned recommends that the petitioner's §2255 motion be dismissed as untimely.

## III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus

motion. 28 U.S.C. §2255.[2]

    The limitation period shall run from the last of:

(1)    The date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[3]; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

The undersigned recognizes that pursuant to See United States v. Sosa, 364 F. 3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701,707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate the motion is timely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, 364 F.3d at 511.

In the instant case, the petitioner acknowledged in her form motion, which provides a space for the petitioner to explain why the motion was not filed within one year from the date that her

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[3] The one-year limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S.____, 125 S.Ct. 2478 (2005).

conviction became final, that her §2255 motion was being filed outside the one year limitation period because she had first raised her Blakely claim in a §2241 petition. Thus, the undersigned has proceeded to consider whether the motion is timely without providing the petitioner further opportunity to explain the timeliness of her motion.

In the instant case, the §2255 motion is clearly untimely under subsection 1. The Fourth Circuit has held that for purposes of the one-year limitations period for filing motions to vacate, the petitioner's conviction becomes final on the date on which the district court entered her judgment of conviction if the petitioner does not pursue direct appellate review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), cert. denied, 534 U.S. 1032 (2001). In reaching this decision, the Sanders court relied on United States v. Torres, 211 F. 3d 836 (4th Cir. 2000)[4] which has been abrogated by Clay v. United States, 537 U.S. 522 (2003). In Clay, the Supreme Court held that when a prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. In slip opinions, the Western District of Virginia, the Eastern District of Virginia, and the Middle District of North Carolina have extended the rule in Clay to instances where no direct appeal has been filed to determine that the conviction becomes final after the 10 day appeal period has elapsed, not when the judgment is entered. See Hammack v. United States, 2005 WL 1459767 (W.D. Va. 2005); Langley v. United States, 2005 WL 1114316, *1 (M.D.N.C.2005); and Arnette v. United States, 2005 WL 1026711 (E.D. Va. 2005). The undersigned agrees with the application of Clay by the

---

[4]In Torres, the Fourth Circuit held that "for purposes of § 2255, the conviction of a federal prisoner whose conviction is affirmed by this Court and who does not file a petition for certiorari becomes final on the date that this Court's mandate issues in his direct appeal." Torres, 211 F.3d at 837.

Western District of Virginia, the Eastern District of Virginia, and the Middle District of North Carolina.

The Court entered it judgment and commitment order on November 25, 2003. Thus, the petitioner's conviction became final on December 5, 2003, when the 10 day appeal period expired. Therefore, she had until December 5, 2004, to file a §2255 motion. However, she did not file the instant motion until July 14, 2005 clearly outside the one year statute of limitations. Thus, the petitioner's motion is untimely under subsection 1.

Because the petitioner does not allege the Government created an impediment to her filing a timely §2255 motion or that her motion is based on new facts, subsections 2 and 4 are not applicable to this case.

The Court further finds that subsection 3 does not apply because Booker has not been made retroactively applicable to cases on collateral review. While the Supreme Court did not address the retroactivity of Booker, numerous courts have determined that Booker does not apply retroactively to convictions which became final prior to Booker being decided. See See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F. 3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); and Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the undersigned finds that the petitioner is not entitled to have Blakely, now Booker, applied retroactively to her sentence and her motion should be dismissed.

IV. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion as being untimely and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: September 26, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE